

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
JULIUS WILLIAMS,               :
                               :    08 Civ 5892
              Petitioner,      :
                               :    DECISION AND ORDER
    - against -                :
                               :
UNITED STATES OF AMERICA,      :
                               :
              Respondent.      :
------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendant Julius Williams ("Williams") brought this petition pursuant to 28 U.S.C. § 2255 ("§ 2255")[1] to vacate his sentence under a judgment of conviction in which he was found guilty by a jury of one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of narcotics conspiracy, in violation of 21 U.S.C. § 846. The Court sentenced Williams to 600 months of incarceration. This term included consecutive sentences of 20 years on the first count and 30 years on the second count. On appeal, Williams challenged his conviction and sentencing, raising some of the issues he asserts in the instant petition. The Second Circuit affirmed the verdict and sentence in every respect. See United States v. Santiago, 126 Fed. Appx. 21 (2d Cir. 2005);

---

[1] Rather than filing the petition with the Clerk of Court as a separate action under § 2255, Williams mailed directly to Chambers papers dated May 14, 2008 and received on May 20, 2008 which were submitted under the original criminal case docket number of Williams's prosecution, 00 Cr. 0237. The Court directed the Clerk of Court to accept the petition for filing as a civil case.

<u>United States v. Williams</u>, 216 Fed. Appx. 67 (2d Cir. 2007), <u>cert. denied</u>, 127 S. Ct. 2901 (May 29, 2007).

As basis for relief, Williams's petition asserts various grounds of ineffective assistance of trial and appellate counsel. Specifically, Williams alleges that his trial and appellate counsel provided ineffective assistance by failing: (1) to raise Williams's mental illness as a defense and sentencing mitigation; (2) to explain the prospects and implications of a global plea offer involving the other co-defendants that Williams claims he was willing to accept; (3) to investigate the effect of the Court's discharge of a juror who asked to be dismissed because of emotional difficulties brought about by the trial of this case; (4) to object to the application of the Sentencing Guidelines career offender rules; and (5) to argue against the Court's upward adjustments for uncharged conduct found by preponderance of the evidence in connection with sentencing.

Having reviewed Williams's petition in the light of his trial, sentencing and post-trial proceedings, the Court finds that the record conclusively shows that Williams is entitled to no relief. None of the grounds Williams raises in support of his petition demonstrates sufficient merit to warrant any further proceedings on his application, hence compelling summary denial of the relief he seeks. <u>See</u> 28 U.S.C. § 2255.

Williams's claim of ineffective assistance of counsel is meritless under the rigorous standard demanded by Strickland v. Washington, 466 U.S. 668 (1984). First, in this Court's assessment of the performance of Williams's trial counsel, nothing Williams now asserts rises to the level of such fundamentally defective representation as to amount to a deprivation of counsel altogether. See id. at 687. In fact, the lengthy record of pre-trial proceedings, the trial itself and the sentencing amply demonstrates that counsel's performance on Williams's behalf consistently exhibited zealous advocacy, utmost diligence and overall exemplary representation. Not the least of the extensive evidence of these exceptional efforts are the repeated instances of counsel's motions for mistrial, ironically some based on the very grounds Williams now advances in claiming ineffective assistance of counsel. Second, in light of the substantial evidentiary record independently supporting the jury's verdict, there is no reasonable basis to sustain a finding satisfying the second element of the Strickland test for a sufficient claim of ineffective assistance of counsel: that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. See 466 U.S. at 687.

Accordingly, finding no basis for relief in this action,

the Court denies Williams's petition.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the petition (Docket No. 1) of Julius Williams ("Williams") to vacate the sentence rendered pursuant to the judgment of conviction in this case is DENIED.

As William has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c).

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:    New York, New York
          9 July 2008

                                    _____
                                    VICTOR MARRERO
                                    U.S.D.J.